IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | **Criminal No. 15-445** |
| **JOHN R. HODDE** : | |

**O R D E R**

AND NOW, this _____ day of _____, 2017, upon consideration of the government's motion pursuant 18 U.S.C. § 3664(j)(1) requesting the Court to enter an Order to substitute Travelers Casualty and Surety Company for the interests of QVC, Inc. as a restitution payee in the above-captioned case, for cause shown, the Court concludes that the motion should be granted, and, therefore, it is hereby

ORDERED that the Motion of the United States of America to Substitute Restitution Victim is GRANTED; and it is further

ORDERED that the criminal judgment entered in this case on January 20, 2017 shall reflect that Travelers Casualty and Surety Company shall be substituted for the interests of QVC, Inc. as the restitution payee in the amount of $436,273.32; and it is further

ORDERED that the Clerk of Court shall pay restitution to QVC, Inc. in the amount of $250,000 before making any distribution for restitution to Travelers Casualty and Surety Company; and it is further

ORDERED that the Clerk of Court shall revise its restitution victim list for this case accordingly to include Travelers as a restitution payee in the amount of $436,273.32.

 

**HONORABLE GENE E.K. PRATTER**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 15-445 |
| JOHN R. HODDE | : | |

**MOTION OF UNITED STATES OF AMERICA
TO SUBSTITUTE RESTITUTION VICTIM**

The United States of America, by its attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Lauren R. Baer, Assistant United States Attorney, pursuant to 18 U.S.C. § 3664(j)(1), requests this Court to enter an order to substitute Travelers Casualty and Surety Company ("Travelers") for the interest of QVC, Inc. ("QVC") as a restitution victim listed on the criminal judgment entered in the above-captioned case. In support of the motion, the government avers as follows:

1. On September 18, 2015, the United States Attorney charged the defendant, John R. Hodde, by information with two counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. On November 23, 2015, Hodde pleaded guilty to the information.

2. On January 18, 2017, this Court sentenced Hodde, and among other things, ordered him to pay $686,273.32 in restitution to QVC, a $30,000 criminal fine, and a $200 special assessment. To date, Hodde has paid the special assessment and fine, and $100 toward his restitution obligation.[1]

---

[1] The defendant is jointly and severally liable for this debt with Douglas Rae (E.D.Pa. No. 15-CR-432). The criminal judgment entered for Rae on February 6, 2017 states the following with regard to restitution payee on page 6, "The restitution shall be paid to QVC and/or Travelers Insurance Company, to the extent that the first $250,000 is paid to QVC and thereafter, assuming payment pursuant to insurance coverage to Travelers. Also reduces by any net recovery in civil litigation." The intent of this additional term is to first compensate QVC for

1

3. On March 17, 2017, Travelers notified the government that it had executed a Release and Assignment with QVC. On March 22, 2017, Travelers paid out its claim to QVC with the rights of recovery outlined in a Release and Assignment. *See* copy of Release and Assignment attached as "Exhibit A" to this motion. Further, on March 24, 2017, Travelers provided a letter outlining its claim to the restitution. A copy of this letter is attached as "Exhibit B" to this motion.

4. To date, Travelers has provided compensation to the victim here, QVC, in the amount of $1,900,259.00 on account of its loss in this case. As a result, QVC now has received full compensation on account of its loss, less the deductible of $250,000. By this motion, pursuant to 18 U.S.C. Section 3664(j)(1), the government now seeks to substitute Travelers as a restitution payee as it has paid compensation to QVC on account of its loss in this case.

5. 18 U.S.C. Section 3664(j)(1) specifically provides that "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation."

6. Here, Travelers is entitled to be substituted as a restitution payee under Section 3664(j)(1) because it has paid compensation to QVC on account of its loss in this case. QVC, however, is entitled to receive restitution in the amount of $250,000, before any restitution payments are made to Travelers, which represents the amount of its deductible for which it has not received compensation.

---

its loss, which paid a $250,000 deductible for its insurance coverage. Travelers should be paid the remainder of any restitution paid after the first $250,000 to QVC.

2

7. Accordingly, the government requests that the criminal judgment entered in this case on January 20, 2017 shall reflect that Travelers Casualty and Surety Company shall be substituted for the interests of QVC, Inc. as the restitution payee in the amount of $436,273.32.

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court substitute Travelers as a victim for QVC in the amount of $436,273.32 in the above-captioned case.

        Respectfully submitted,

        LOUIS D. LAPPEN
        Acting United States Attorney

        */s/ Lauren R. Baer*
        LAUREN R. BAER
        Assistant United States Attorney

Date: March 30, 2017

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this date, I caused a true and correct copy of the MOTION OF UNITED STATES OF AMERICA TO SUBSTITUTE RESTITUTION VICTIM to be filed electronically (and thus is available for viewing and downloading from the ECF system), to the following:

>Iris Elizabeth Bennett, Esquire
>Smith Pachter McWhorter PLC
>8000 Towers Crescent Dr., Suite 900
>Tysons Corner, VA 22182
>
>Nicholas Carl Harbist, Esquire
>Blank Rome LLP
>301 Carnegie Center, 3rd Fl.
>Princeton, NJ 08540

>*/s/ Lauren R. Baer*
>LAUREN R. BAER
>Assistant United States Attorney

Date: March 30, 2017

# Exhibit A

RELEASE AND ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS that, on this 15 day of March, 2017 (the "*Effective Date*"), the undersigned, QVC, Inc. ("*QVC*"), for the sole consideration of One Million Nine Hundred Twenty-Five Thousand Two Hundred Fifty-Nine Dollars and Zero Cents ($1,925,259.00), comprised of One Million Nine Hundred Thousand Two Hundred Fifty-Nine Dollars and Zero Cents ($1,900,259.00) in net covered indemnity loss and Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) in reimbursable claim expense (collectively, the "*Payment*"), paid by Travelers Casualty and Surety Company of America (the "*Company*") to QVC under the provisions of Policy No. 005-LB-105496943 (the "*Policy*"), the receipt and sufficiency of which is hereby acknowledged, does hereby release and forever discharge the Company, its parent, affiliates, subsidiaries, successors and assigns in connection with that certain claim described in that certain Proof of Loss dated January 28, 2015 and all additional documentation and information provided in support of said Proof of Loss (collectively, the "*Claim*"), provided, however, that nothing contained herein shall release, or be deemed to release, the Company from its obligations under this Release and Assignment,

IN FURTHER CONSIDERATION of the aforesaid Payment, QVC does hereby transfer, assign and set over to the Company all of QVC's claims, rights, demands and causes of action against all persons, firms or corporations whomsoever arising out of or in any way connected with the Claim (the "*Claims and Rights*"), excluding any claims, rights, demands and causes of action arising under this Release and Assignment and the Company's performance and obligations hereunder. QVC represents and warrants that it has not assigned any Claims and Rights to any other party. The Company may pursue the Claims and Rights in its own name, or in QVC's name, with QVC's consent or where required by law. QVC further represents and warrants that there are no pending civil lawsuits, actions, arbitrations or other legal proceedings initiated by QVC against any person, firm, or corporation arising out of or in any way connected with the Claims and Rights, except for the following: *QVC, Inc. v. Douglas Rae, et al.*, U.S. District Court, Eastern District of Pennsylvania, Case No. 15-3643 (the "*Civil Action*") (which matter is included in this Assignment). QVC affirms its understanding and agreement (i) that the Company shall have the right, in its sole and absolute discretion, to determine for itself and QVC whether to pursue, compromise, settle, and/or abandon any of the assigned Claims and Rights, (ii) to be bound by the Policy provisions relating to recovery, including, without limitation, the order of recovery provisions providing that all recoveries for payments made under the Policy should

************************ Our toll-free number is 800-842-8496 ************************
If possible, please send future communications and documents concerning this claim via email to LRJENSEN@travelers.com Please include the claim number in the subject line (Please note that in certain cases we may still request original documents)

Rev 08/13/16                                                                                                          CR-05

be applied, after first deducting the costs and expenses incurred in obtaining such recovery, in the following order of priority:

a.  first, to QVC to reimburse QVC for loss sustained that would have been paid under the Policy but for the fact that it is in excess of the applicable Single Loss Limit(s) of Insurance;

b.  second, to the Company in satisfaction of amounts paid or to be paid to QVC in settlement of QVC's covered claim;

c.  third, to QVC in satisfaction of any Single Loss Retention; and

d.  fourth, to QVC in satisfaction of any loss not covered under the Policy.

and (iii) to reasonably cooperate with the Company to the fullest extent possible to affect recovery. QVC understands that it shall receive reimbursement for reasonable expenses that QVC incurs, with the Company's prior written consent, to comply with recovery efforts that the Company requests.

Nothing in this Release and Assignment shall be construed as a release or assignment of QVC's independent right to pursue and recover any partial or complete refund or recovery of wages and benefits it paid to Douglas Rae.

Except as otherwise expressly stated herein, nothing contained in this Release and Assignment shall constitute, or be deemed or construed to constitute, a waiver by QVC of its rights and privileges under law, including, without limitations, its rights of confidentiality with respect to its proprietary and financial information, its attorney-client and accountant-client privileges, and its protections under the attorney-work product doctrine.

QVC additionally agrees to execute any and all further papers, releases and/or assignments that may be reasonably necessary to effectuate the purposes of the above assignment.

West C  ster                                            day of March, 2017

QVC

BY

David . O'Connor

Our toll-free number is 800-842-8496
If possible, please send future communications and documents concerning this claim via email to LRJENSEN@travelers.com Please include the claim number in the subject line (Please note that in certain cases we may still request original documents)

Rev 08/13/16                                                                                                                                        CR-05

# Exhibit B



One Tower Square
Mail Drop - S202A
Hartford, CT 06183

Barbara Check
Claim Executive - Recovery Management
Bond & Specialty Insurance Claim
Phone: (860) 277-8041
Fax: (888) 201-5608
Email: BCHECK@travelers.com

March 24, 2017

Lauren R. Baer
Assistant United States Attorney
U.S. Attorney's Office, Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Re:  Insured:    QVC, Inc.
     Case:       United States of America vs. John R. Hoode
     Case No.:   5:15-cr-00445
     Claim No.:  086-FA1-T1410584-RG
     Type:       Employee Theft

Dear Attorney Baer:

The above matter has been assigned to the Recovery Management Unit of Travelers.

The purpose of this letter is to notify you that after application of the insured's deductible of $250,000.00, Travelers has made payment to QVC, Inc. in the amount of $1,900,259.00, and $25,000.00 in claim expense reimbursement. Payment was tendered on March 22, 2017.

Attached is a copy of the Release & Assignment which assigns to Travelers the right of recovery with respect to this loss.

We request that Travelers be added to the restitution order and restitution payments can then be forwarded to the following address:

**Travelers Casualty and Surety Company
ATTN: Bond & Specialty Insurance Claim Operations Unit
One Tower Square, S202A
Hartford, CT 06183**

Should you have questions or concerns or need additional information, please contact me.

Sincerely,

*Barbara A. Check*

Barbara Check

************************  Our toll-free number is 800-842-8496  ************************
If possible, please send future communications and documents concerning this claim via email to BCHECK@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

New 02/14/15                                                                    CR-33RPRA